**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **QUINCEY LAKEITH GIBSON,** | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **A-11-CV-187-SS** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of** | § | |
| **Criminal Justice–Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner Quincey Lakeith Gibson's Petition for Writ of Habeas Corpus (Document 1), Appellant's Brief ("Pet'r's Br.") (Document 8), Petitioner's Motion to Amend His Federal Writ of Habeas Corpus (Document 18),[1] Amended Answer with Brief in Support of Respondent, Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (Document 22), and Petitioner's Response to Respondent's Amended Answer with Brief in Support ("Reply") (Document 23).  Also before the Court is a request by Gibson for

---

[1] A motion to amend the petition by adding an ineffective-assistance claim was granted by order dated October 31, 2011, but no amended petition was separately filed. *See* Pet'r's Mot. to Amend at 6 (Oct. 28, 2011).  The additional claim is set out in the motion. *Id.*

a continuance to obtain certain discovery, or alternatively, an evidentiary hearing.  *See* Mot. to Amend at 13.  Gibson additionally requests a continuance in order to exhaust one of his claims. Reply at 1-3.  Proceeding pro se, Gibson has been granted leave to proceed in forma pauperis.  *See* Order (April 8, 2011) (Document 5).  For reasons set forth below, the undersigned concludes that the continuance and hearing requests, as well as the petition, should be denied.

## STATEMENT OF THE CASE

The Director has custody of Gibson pursuant to a judgment and sentence of the 277th District Court of Williamson County, Texas in Cause Number 08-383-K277, styled *State of Texas v. Quincey Lakeith Gibson.  Ex parte Gibson*, Application No. WR-75,345-01, at 57-59.[2]  After being pulled over in a traffic stop, Gibson admitted that he was in possession of marijuana and was arrested for possession of marijuana; upon a body cavity search at the jail, police located a large amount of crack cocaine in Gibson's rectum, specifically 18.36 grams of cocaine. Pet'r's Br. at 3; *Ex parte Gibson*, Application No. WR-75,345-01, at 40 ¶¶ 8-9.  Gibson was charged with possession of a controlled substance, specifically, cocaine, in an amount of four grams or more but less than 200 grams, a second-degree felony.  *Id.* at 52-53; C.R. at 4-5 (indictment); *see also id.* at 9 (judgment (citing TEX. HEALTH & SAFETY CODE § 481.115)).  The indictment included two penalty paragraphs alleging five prior felony convictions.  *Id.* at 4-5.[3]

---

[2]  Citations to pleadings and documents in the state-court habeas record appear as *Ex parte Gibson*, Application No. WR-75,345-01, followed by a page number.  [#] C.R. at [#] indicates a reference to the Clerk's Record in the state trial court, and [#] R.R. at [#] indicates citation to a particular volume and page number of the Reporter's Record of the trial.

[3]  Under Texas Penal Code § 12.42(d), a sentence for a non-state-jail felony can be enhanced to a period of twenty-five years to 99 years or life if it is shown that the defendant had two previous felony convictions, and that the second previous felony conviction was for an offense that occurred prior to the first felony conviction becoming final.

Gibson subsequently entered a plea of guilty on January 21, 2009 to the charge alleged in the indictment and also pleaded "true" to the penalty enhancement allegations, which the trial court accepted. 2 R.R. at 4-8. Gibson also signed the Admonishments to the Defendant for Plea to the Court and the Waivers, Consent, Judicial Confession & Plea Agreement. *See Ex parte Gibson*, Application No. WR-75,345-01, at 54-55. Gibson was admonished of the consequences of his plea, both in writing and in open court, including the fact that the range of punishment was the habitual offender punishment range which was 25 years to 99 years or life. *Id.*; 2 R.R. at 6-11. After Gibson elected to be sentenced by the trial judge rather than a jury, the trial court set a sentencing hearing to permit the preparation of a Presentence Investigation Report. *Id.* at 10-11. On February 11, 2009, the trial court held the sentencing hearing and sentenced Gibson to forty-five years imprisonment. 3 R.R. at 25-26; C.R. at 9.

Gibson subsequently filed a pro se notice of appeal. C.R. at 13. After Gibson's appointed counsel filed an *Anders* brief, the Third Court of Appeals affirmed his conviction on September 25, 2009 in an unpublished opinion. *Gibson v. State*, No. 03-09-00162-CR, 2009 WL 3048697 (Tex. App.–Austin Sept. 25, 2009, no pet.). Gibson did not file a petition for discretionary review.

Gibson subsequently filed a state application for habeas corpus challenging his sentence on the basis that: (1) the prosecution failed to prove beyond a reasonable doubt that the prior convictions used for enhancement were not state-jail felonies; (2) ineffective assistance of counsel based on (a) failure to investigate Gibson's prior convictions and prepare for sentencing; (b) failure to weigh the seized controlled substance without its packaging to determine if the material weighed less than four grams or interview the arresting officers or other witnesses; (c) erroneously advising him that he could withdraw his plea prior to sentencing; (d) erroneously advising him that the trial

court had informally agreed to a twenty-five-year sentence; (e) failing to file a motion to suppress; (f) failing to notify him of a deadline for accepting a plea-bargain offer with a ten-year sentence; (g) failing to confer with him to prepare a defense and conduct an independent investigation of the evidence; (h) failing to establish that the State followed the chain of custody for the seized controlled substance; (i) failing to request an instructed verdict on the basis that the prosecution failed to prove that the substance was cocaine; and (j) failing to challenge the traffic stop as unlawful and to move to suppress the seized evidence as illegally obtained; and (3) his conviction was based on insufficient evidence because the prosecution did not prove beyond a reasonable doubt the weight of the seized substance or that it was cocaine. *Ex parte Gibson*, Application No. WR-75,345-01, at 10-13. After receiving an affidavit from Gibson's trial attorney, the trial court made findings of fact and conclusions of law and recommended that the application be denied. *Id.* at 39-46. The Texas Court of Criminal Appeals then denied Gibson's application without written order on the findings of the trial court without a hearing. *Id.* at cover (Feb. 9, 2011).

Gibson then filed his federal habeas petition on March 3, 2011. *See* Pet. at 9; Order at 4 (July 14, 2011). This Court took earlier action on the petition after a report and recommendation was issued recommending dismissal for failure to comply with the statutory limitations period. *Id.* After reviewing new information that altered the statute-of-limitations calculation in this case, the Court declined to accept the report and recommendation and re-referred the case for a report and recommendation on the merits.

## III.    GIBSON'S CLAIMS FOR RELIEF

Gibson contends that he is entitled to habeas relief based on the following grounds:

1.      He was denied his right to confrontation under the Confrontation Clause of the Sixth Amendment by the admission of his trial counsel's affidavit in the state habeas proceedings.  Pet. at 7 (Claim 1).[4]

2.      His sentence is void because the prosecution failed to prove that his prior convictions were not state-jail felonies.  *Id.* (Claim 2).

3.      He received ineffective assistance of trial counsel based on:  (a) failing to investigate Gibson's prior convictions and prepare for sentencing; (b) failing to weigh the seized controlled substance without its packaging to determine if the material weighed less than four grams or interview the arresting officers or other witnesses; (c) erroneously advising Gibson that he could withdraw his plea prior to sentencing, rendering his plea involuntary; (d) erroneously advising him that the trial court had informally agreed to a twenty-five-year sentence; (e) failing to file a motion to suppress; (f) failing to notify him of a deadline for accepting a plea-bargain offer with a ten-year sentence; (g) failing to confer with him to prepare a defense and conduct an independent investigation of the evidence; (h) failing to establish that the prosecution maintained the chain of custody for the seized controlled substance; (i) failing to request an instructed verdict on the basis that the prosecution failed to prove that the substance was cocaine; and (j) failing to challenge the traffic stop as unlawful and to move to suppress the seized evidence as illegally obtained.  Pet. at 7 & attached page; Mot. to Amend at 6 (Claim 3).

4.      The evidence was insufficient that the material Gibson possessed was cocaine in the amount of 4-200 grams.  Pet. at 8 (Claim 4).

## IV.    EXHAUSTION OF STATE REMEDIES, STATUTE OF LIMITATIONS, AND SUCCESSIVE PETITION

The Director concedes that Gibson's petition is timely and is not subject to the successive petition bar.  Am. Answer at 5-6; *see also* 28 U.S.C. § 2244(b), (d).  The Director asserts that Gibson did not exhaust his confrontation-clause claim or his ineffective-assistance claim premised on the involuntary nature of his guilty plea, but concedes that Gibson sufficiently exhausted his state-court remedies for the remaining claims.  Am. Answer at 2 n.2, 5-6, 12-14 & n.6; *see also* 28 U.S.C. § 2254(b).

---

[4]  The undersigned uses the claim numbers that appear in the petition.

DISCUSSION

I.    REVIEW UNDER THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act.  *See Harrington v. Richter*, – U.S. –, 131 S. Ct. 770, 783-85 (2011).  The Court has noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 131 S. Ct. at 784.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.*  Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite or even be aware of our cases under

6

§ 2254(d)."  *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 365 (2002) (*per curiam*)).

When there is no explanation with a state court decision, the habeas petitioner's burden is to show

there was "no reasonable basis for the state court to deny relief."  *Id.*  And even when a state court

fails to state which of the elements in a multi-part claim it found insufficient, deference is still due

to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been

adjudicated."  *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three

circumstances:  (1) when the earlier state court's decision "was contrary to" federal law then clearly

established in the holdings of the Supreme Court;  (2) when the earlier decision "involved an

unreasonable application of" such law; or (3) when the decision "was based on an unreasonable

determination of the facts" in light of the record before the state court.  *Id.* at 785 (citing 28 U.S.C.

§ 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000)).  The "contrary to"

requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions

as of the time of the relevant state-court decision."  *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir.

2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on
> a question of law or if the state court decides a case differently than . . . [the Supreme
> Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted).  Under the "unreasonable application" clause of

§ 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing

legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to

the facts of the prisoner's case."  *Id.* at 741 (quotation and citation omitted).  The provisions of

§ 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e).  That section states that a federal court must presume state-court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).  But absent such a showing, the federal court must give deference to the state court's fact findings.  *Id.*

## II.   GIBSON'S CLAIMS

Having independently reviewed the state-court record and Gibson's asserted claims, the Court finds nothing unreasonable or contrary in the state court's application of clearly established federal law or in its determination of facts in light of the evidence, as discussed below.

### A.   Confrontation Clause Claim (Claim 1)

Gibson contends that he was denied his right to confrontation under the Confrontation Clause of the Sixth Amendment by the admission and consideration of his trial counsel's affidavit in the state habeas proceedings, because he did not have the opportunity to cross-examine the attorney on the testimony offered by the affidavit.  Pet. at 7; Pet'r's Br. at 4-5.  The Director contends that this claim is not exhausted and is procedurally defaulted.  Am. Answer at 2 & n.2, 11-14.[5]  The Director also asserts that the claim does not state a basis for federal habeas relief because deficiencies in state habeas proceedings do not support a federal habeas claim, but even if they did, there was no inadequacy in the state proceeding.  *Id.* at 14-15 n.7.

Gibson complains that the habeas trial court improperly considered his counsel's affidavit in the state habeas proceedings.  It is "axiomatic" that infirmities in state habeas proceedings under

---

[5] In his reply, Gibson requests a continuance in order to exhaust his Confrontation Clause claim.  Reply at 1-3.  This request is addressed after the discussion of Gibson's claims.

state law cannot support federal habeas relief.  *See Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004).  Gibson's claim is not cognizable because it does not attack the judgment of conviction but a collateral proceeding that is not constitutionally protected.  *See, e.g., Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) ("[The petitioner] argues that he was denied due process in his state habeas proceeding . . . . Our circuit precedent makes clear that [the petitioner's] claim fails because infirmities in state habeas proceedings do not constitute grounds for relief in federal court.") (quotation and citation omitted)); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (quotation and citation omitted)).  Accordingly, this claim is precluded and should be denied.

### B.   Penalty Enhancement Based on Prior Convictions (Claim 2)

Gibson argues that his sentence is void because the evidence that the prior convictions were not state-jail felonies was insufficient to support the penalty enhancements.  Pet. at 7.  He contends that his plea of "true" to the enhancement paragraphs, and the evidence, showed only that prior convictions existed, but did not demonstrate whether he went to jail or prison as a punishment. Pet'r's Br. at 5-6.  The Director argues that Gibson fails to rebut by clear and convincing evidence the statutory presumption of correctness afforded the state habeas court's finding that none of the convictions were for state-jail felonies or resulted in shock probation.  Am. Answer at 17.  The Director also argues that the state court's plain finding of procedural default on this claim precludes this Court's review under the rule stated in *Harris v. Reed*, 489 U.S. 255, 265, 109 S. Ct. 1038, 1043 (1989).  *Id.* at 15.  The Director alternatively contends that to the extent there is a problem with the range of punishment utilized for Gibson's sentence, it was due only to lack of proof, and the Director

9

submits copies of the prior convictions and sentences. *Id.* at 16. Gibson replies that the Director admits that the prosecution failed to prove that the prior convictions were not state-jail felonies, and the Director is not permitted to add evidence to the habeas record by submitting copies of the convictions. Reply at 3-4.

In reviewing the state court's judgment on this claim, the Court considers the decision of the habeas trial court, which issued findings of fact and conclusions of law. When there has been one reasoned state judgment rejecting a claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest on the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594-95 (1991). In this case, the Texas Court of Criminal Appeals adopted the trial court's findings and denied relief on this claim. *Ex parte Gibson*, Application No. WR-75,345-01, at cover. Because the state trial court issued "the last reasoned opinion" on the matter, this Court "looks through" the Texas Court of Criminal Appeals's order to the trial court's decision. *Ylst*, 501 U.S. at 803, 111 S. Ct. at 2594.

Regarding this claim, the state habeas court made the following fact findings:

2.      . . . The indictment contained two penalty paragraphs, each of which alleged that [Gibson] had been previously convicted of a felony offense. The penalty paragraphs increased the range of punishment to that of a habitual felony offender, [2]5-99 years or life in prison.

                                    . . .

7.      None of the convictions alleged in the penalty paragraphs were for state jail felonies or resulted in shock probation. [Trial counsel] explained to [Gibson] that, if he challenged the allegations in the penalty paragraphs, the State would likely prove those allegations to a judge or jury.

                                    . . .

21.     The trial court asked applicant whether he was entering his pleas of guilty and true because he was guilty and because the penalty paragraphs were true. (RR.II-6). [Gibson] answered affirmatively. (RR.II-6).

                                    . . .

10

35.     Under questioning by the State, [Gibson] judicially confessed that the allegations in the penalty paragraphs were true.  (RR.II-9-10).

36.     Under questioning by the State, [Gibson] acknowledged that the range of punishment for the offense was 25-99 years or life in prison due to the prior felony convictions alleged in the penalty paragraphs.  (RR.II-10).

*Ex parte Gibson*, Application No. WR-75,345-01, at 39-43.  The state habeas trial court went on to reject this claim after explaining that a claim of insufficient evidence to support a finding of true to a penalty or enhancement allegation is not cognizable in a post-conviction state habeas proceeding, and that even if the issue was cognizable, Gibson's "pleas of true and judicial confessions, both orally and in writing, to the penalty paragraphs were sufficient to sustain the trial court's findings of true."  *Id.* at 44 ¶ 2.

Under the adequate and independent state ground doctrine, the state court's clear conclusion of a procedural default bars this Court's review of the claim.  *See, e.g.*, *Harris*, 489 U.S. at 262-65, 109 S. Ct. at 1042-45; *see also Coleman v. Thompson*, 501 U.S. 722, 730-31, 111 S. Ct. 2546, 2554 (1991).[6]  Although a procedural bar may be overcome if the petitioner can show cause and prejudice, or that failure to consider the claim will result in a "fundamental miscarriage of justice," *id.* at 750, 111 S. Ct. at 2565, Gibson fails to allege, much less show, cause or prejudice.  The Court should conclude that the Court may not review this claim.

## C.     Ineffective Assistance (Claim 3)

Gibson contends that he received ineffective assistance of trial counsel based on:  (a) counsel's failure to investigate Gibson's prior convictions and prepare for sentencing; (b) counsel's

---

[6]  In any event, Gibson does not suggest that the convictions were indeed state-jail felonies; he states only that they "*could be* either a state jail, second degree or first degree felony."  Pet'r's Br. at 5 (emphasis added); *see also id.* (regarding another conviction for possession of cocaine, asserting that "possession of cocaine *can be* either a state jail or non-state jail felony") (emphasis added).

failure to weigh the seized controlled substance without its packaging to determine if the material weighed less than four grams or interview the arresting officers or other witnesses; (c) counsel erroneously advising him that he could withdraw his plea prior to sentencing, rendering his plea involuntary; (d) counsel erroneously advising him that the trial court had informally agreed to a twenty-five-year sentence; (e) counsel's failure to file a motion to suppress; (f) counsel's failure to notify Gibson of a deadline for accepting a plea-bargain offer with a ten-year sentence; (g) counsel's failure to confer with him to prepare a defense and conduct an independent investigation of the evidence; (h) counsel's failure to establish that the prosecution maintained the chain of custody for the seized controlled substance; (i) counsel's failure to request an instructed verdict on the basis that the prosecution failed to prove that the substance was cocaine; and (j) counsel's failure to challenge the traffic stop as unlawful and to move to suppress the seized evidence as illegally obtained.  Pet. at 7 & attached page; Pet'r's Br. at 7-12; Mot. to Amend at 6.  The Director argues that Gibson waived the ineffective-assistance claims that are not related to the voluntary nature of his guilty plea or jurisdictional defects in proceedings prior to the plea, that is, that he waived seven of the contentions (Claims 3(a)-(b), 3(e), and 3(g)-(j)) because they relate to a lack of investigation and pretrial matters that do not pertain to Gibson's understanding of the nature of the charge against him or the consequences of his plea.  Am. Answer at 23-26.  Gibson  concedes that he did waive these claims if his guilty plea was voluntary, but contends that there was no valid waiver because his guilty plea was rendered involuntary when he was denied effective assistance of counsel though his trial counsel's advice that he had an absolute right to withdraw his guilty plea before sentencing.  Mot. to Amend at 6; Reply at 5.  The Director counters that the claim that the guilty plea was involuntary was not exhausted and is thus procedurally defaulted.  Am. Answer at 2 n.2, 5-6, 12.  The Director

12

also contends that Gibson's ineffective-assistance claims fail on their merits because Gibson does not show that his attorney's representation was outside the range of competence and Gibson cannot affirmatively show resulting prejudice. *Id.* at 29-31.

With regard to the ineffective-assistance claims for which the Director does not assert waiver–Claims 3(c), 3(d), and 3(f), by which Gibson alleges trial counsel erroneously advised Gibson regarding the plea process and that the trial court had informally agreed to a sentence–the Director asserts that Gibson is unable to demonstrate deficiency on the part of counsel because trial counsel rebutted the allegations in detail by affidavit and Gibson offers only conclusory allegations lacking evidentiary support. *Id.* at 27-29.

### 1.    Ineffective Assistance Related to Entry of Guilty Plea

When an ineffective-assistance claim implicates the voluntariness of an entered plea, such as Claims 3(c), 3(d), and 3(f) which allege that counsel erroneously advised Gibson regarding the plea process and that the trial court had informally agreed to a sentence, a claim may be considered. *See Hill v. Lockhart*, 474 U.S. 52, 56-57, 106 S. Ct. 366, 369 (1985).

The well-settled, two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984) applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill*, 474 U.S. at 58-59, 106 S. Ct. at 370.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

13

*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

In the context of a defendant's entry of a guilty plea upon the advice of counsel, the first part of the *Strickland* test considers whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 1449 (1970); *see also Hill*, 474 U.S. at 58-59, 106 S. Ct. at 370. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. *Strickland*, 466 U.S. at 686-89, 104 S. Ct. at 2064-65. "[A] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689, 104 S. Ct. at 2065. Indeed, the Supreme Court has established that counsel should be "'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'" and cautioned against an "'intrusive post-trial inquiry into attorney performance'" and the "'tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence.'" *Cullen v. Pinholster*, – U.S. –, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland*, 466 U.S. at 688-90, 104 S. Ct. at 2065-66).

The second, or prejudice, requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. In other words, in order to satisfy the prejudice requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* A reasonable probability is "'a probability sufficient to

undermine confidence in the outcome,'" *Pinholster*, 131 S. Ct at 1403 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068), which requires a "'substantial,' not just 'conceivable,' likelihood of a different result," *id.* (quoting *Harrington*, 131 S. Ct. at 791).

In addition to the "highly deferential" view that the Court takes of counsel's performance under *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065, the Court is also limited in its examination of such claims by the "'deferential lens of § 2254(d).'" *Pinholster*, 131 S. Ct. at 1404 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 121 n.2, 129 S. Ct. 1411, 1419 n.2 (2009)). In this way, the Court's review of the state habeas court's determination of ineffective-assistance claims is "'doubly'" deferential. *Harrington*, 131 S. Ct. at 788 (quoting *Knowles*, 556 U.S. at 123, 129 S. Ct. at 1420).

Because a habeas petitioner must satisfy both *Strickland* requirements to demonstrate ineffective assistance, a failure to establish either deficient performance or prejudice makes it unnecessary to consider the other requirement. 466 U.S. at 697, 104 S. Ct. at 2069; *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992). As discussed below, Gibson fails to satisfy either of the two *Strickland* requirements.

The state habeas court made the following relevant factual findings:

5.      . . . [Gibson's trial attorney] explained to [Gibson] the penalty paragraphs and the legal significance of the same. [Gibson] understood that, as a result of the penalty paragraphs, he was facing a minimum of 25 years and a maximum of life in prison.

                                    . . .

14.     [The prosecutor] conveyed to [Gibson's trial attorney] a plea offer of 40 years in prison. Neither [the prosecutor] nor any other attorney representing the State ever made a 10-year plea offer. [Gibson] told [his trial attorney] he did not want to accept the 40-year offer.

15.     Rather, after much discussion with [his trial attorney], [Gibson] decided to plead guilty to the offense of possession of a controlled substance, true to the

penalty paragraphs, and allow the trial court to assess his punishment. [Gibson] chose not to plead guilty to a jury because he was afraid a jury would assess a life sentence or something close to it based on his extensive record of prior convictions.  At the time this case was pending, [Gibson] had a total of 7 prior felony convictions and 14 prior misdemeanor convictions.

16.     Prior to [Gibson] entering his guilty plea, [trial counsel] went over all of the plea paperwork with him and explained to him the contents of those forms. [Gibson] signed those forms in the presence of [the trial attorney].  [Gibson] understood the contents of those forms.

17.     [Gibson] understood the nature and consequences of his pleas of guilty and true. [Gibson] understood that, by pleading true to each of the penalty paragraphs, he was waiving any and all challenges to the sufficiency of the State's evidence to prove those allegations. [Gibson] understood the risks involved with his open plea to the trial court, namely that the trial court could assess his punishment at any point from 25 years to life in prison.

18.     [Trial counsel] did not tell [Gibson] he could withdraw his plea of guilty prior to sentencing.  [Gibson] never told Collins he wanted to withdraw his plea after he made it.

19.     [Trial counsel] never told [Gibson] the trial court was going to assess a sentence of only 25 years.  [Trial counsel] had no idea what the trial court was going to do.  [Trial counsel] hoped the trial court would assess a sentence toward the lower end of the habitual felony offender punishment range based on the fact that, despite his lengthy criminal history, [Gibson] had never received drug treatment through the criminal justice system.

. . .

21.     The trial court asked [Gibson] whether he was entering his pleas of guilty and true because he was guilty and because the penalty paragraphs were true. (RR.II-6).  [Gibson] answered affirmatively.  (RR.II-6).

22.     The trial court asked [Gibson] whether anyone had threatened him, forced him, or done anything unlawful to make him plead guilty.  (RR.II-6). [Gibson] answered negatively.  (RR.II-6).

23.     The trial court asked [Gibson] whether he was pleading guilty because he was afraid or because he had been talked into it.  (RR.II-6).  [Gibson] answered negatively.  (RR.II-6).

24. The trial court asked [Gibson] whether he was pleading guilty because his lawyer was making him plead guilty. (RR.II-6). [Gibson] answered negatively. (RR.II-6).

25. The trial court asked [Gibson] whether he was pleading guilty voluntarily. (RR.II-7). [Gibson] answered affirmatively. (RR.II-7).

26. The trial court asked [Gibson] whether he had gone over the plea paperwork, specifically the two-sided document styled "Admonitions to the Defendant for Plea to Court on the front and "Waivers, Consent, Judicial Confession & Plea Agreement" on the back, with his attorney. (RR.II-7). [Gibson] answered affirmatively. (RR.II-7).

27. The trial court asked [Gibson] whether he understood the contents of the plea form. (RR.II-7). [Gibson] answered affirmatively. (RR.II-7).

28. The trial court asked [Gibson] whether he understood that, by signing the form styled "Waivers, Consent, Judicial Confession and Plea Agreement," he was waiving his right to a jury trial and other important rights. (RR.II-7). [Gibson] answered affirmatively. (RR.II-7).

29. By signing the side of the form styled "Waivers, Consent, Judicial Confession & Plea Agreement," [Gibson] judicially confessed in writing to the possession of a controlled substance, namely cocaine, in an amount of 4-200 grams as alleged in the indictment.

30. By signing the side of the form styled "Waivers, Consent, Judicial Confession & Plea Agreement," [Gibson] judicially confessed in writing, [Gibson] judicially confessed [that] the allegations in penalty paragraphs one and two were true.

31. The trial court asked [trial counsel] whether he had gone over both sides of the form with [Gibson]. (RR.II-7). [Trial counsel] answered affirmatively. (RR.II-7).

32. The trial court asked [trial counsel] whether he believed [Gibson] understood the contents of the form. (RR.II-7). [Trial counsel] answered affirmatively. (RR.II-7).

33. The trial court found that [Gibson] was presently competent to stand trial and that he was not influenced by any considerations of fear or persuasion prompting him to confess his guilt. (RR.II-7-8). The trial court accepted [Gibson]'s plea of guilty. (RR.II-8).

. . .

36.     Under questioning by the State, [Gibson] acknowledged that the range of
        punishment for the offense was 25-99 years or life in prison due to the prior
        felony convictions alleged in the penalty paragraphs.  (RR.II-10).

37.     Under questioning by the State, [Gibson] acknowledged that, by pleading
        open to the trial court, the trial court could lawfully assess his punishment to
        any term within that range of punishment.  (RR.II-10).

*Ex parte Gibson*, Application No. WR-75,345-01, at 39, 41-43.

The trial court also reached legal conclusions in rejecting Gibson's ineffective-assistance

claim based on his counsel's performance in relation to the guilty plea and its entry.

3.      . . . When presenting a federal constitutional claim of ineffective assistance
        of counsel, a defendant must show:  (1) counsel's performance was deficient
        and (2) but for counsel's alleged unprofessional errors, there is a reasonable
        probability that the outcome of the proceeding would have been different.
        U.S. CONST. AMEND. VI; *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.
        2052, 80 L.Ed.2d 764 (1984).  A defendant has the burden of presenting a
        record affirmatively showing ineffective assistance of counsel.  *Jackson v.
        State*, 877 S.W.2d 768 (Tex. Crim. App. 1994).  A strong presumption exists
        that counsel's performance fell within the range of reasonable professional
        assistance.  *Strickland* at 689.  Great deference must be shown to decisions
        grounded in reasonable legal strategy.  *Id.*  A claim of ineffective assistance
        of counsel is evaluated based on the totality of counsel's representation.
        *Strickland* at 695.  An attorney's course of action may not be characterized
        as deficient under the 6th Amendment merely because it was unsuccessful or
        did not achieve the desired result.  *See Ex parte Ellis*, 233 S.W.3d 324 (Tex.
        Crim. App. 2007).

4.      When a defendant enters a guilty plea, the duties of his counsel under the 6th
        amendment are limited to the determination of whether the defendant's plea
        is entered knowingly and voluntarily.  *Butler v. State*, 499 S.W.2d 136, 139
        (Tex. Crim. App. 1973).  [Gibson]'s pleas of guilty and true were voluntary.

5.      The performance of [trial counsel] in representing [Gibson] was not deficient
        under the first prong of *Strickland*.

. . .

18

12.     [Gibson] alleges [trial counsel] was deficient in failing to inform him of the deadline to accept the State's 10-year plea offer.  The State never extended a 10-year plea offer to [Gibson].

13.     [Gibson] alleges that [trial counsel] was deficient in telling him, prior to the guilty plea, the trial court had informally agreed to assess his punishment at 25 years in prison. [Trial counsel] did not tell [Gibson] the trial court had informally agreed to assess his punishment at 25 years in prison.

14.     [Gibson] alleges that [trial counsel] was deficient in telling him he could withdraw his plea of guilty prior to sentencing. [Trial counsel] did not tell applicant he could withdraw his plea after he entered it but prior to sentencing.

15.     Assuming for the sake of argument that Collins was deficient in one or more aspects of his representation of [Gibson], [Gibson] has failed to show prejudice under the second prong on *Strickland*.

*Id.* at 44-46.

The trial court found that Gibson's plea was freely and voluntarily entered and that he made a knowing waiver of his rights.  *Id.*; *see also* 2 R.R. at 7-8.  With his challenges to the voluntariness of his plea based on his attorney's representation, Gibson offers only conclusory allegations that lack evidentiary support, and as such, fails to rebut with clear and convincing evidence the presumption that the trial court's factual findings were correct.  *See* 28 U.S.C. § 2254(e)(1).  Indeed, Gibson's trial counsel rebutted his allegations in detail through an affidavit provided to the state habeas trial court, and the state habeas court found the statements to be "reliable and credible."  *Ex parte Gibson*, Application No. WR-75,345-01, at 39 ¶ 4.  There is no evidence that Gibson did not have a clear understanding of the proceedings against him, the nature of the offense for which he was charged, and the consequences of entering his plea.  Instead, the record reflects that he was advised that the penalty range for his crime was 25-99 years or life in prison prior to pleading guilty.  2 R.R. at 7, 10; *see also* C.R. at 6 (Admonitions to the Defendant for Plea to Court) (advising that range of

punishment would be confinement in TDCJ for 25 to 99 years or life).  In addition, after the trial court explained the charge and penalty paragraphs to Gibson at the plea hearing, Gibson stated that he was pleading guilty because he was guilty and for no other reason, and he admitted that his plea was voluntary and he was not threatened to take the plea offer or being made to plead by his attorney, and he understood that he was relinquishing various rights.  2 R.R. at 6-8.

Gibson also fails to satisfy the second requirement of prejudice under *Strickland*.  The state habeas court found that there was no demonstration of prejudice and that Gibson chose to plead guilty and have the trial court judge assess his sentence because he was afraid a jury would assess a life sentence, or something close to it, based on his extensive record of prior convictions.  *Ex parte Gibson*, Application No. WR-75,345-01, at 41 ¶ 15.  As with the findings and conclusions regarding his counsel's performance, Gibson also fails to rebut through clear and convincing evidence the presumption of correctness afforded this factual finding.

Gibson fails to show either the required deficient performance by his counsel or any resulting prejudice, and certainly not that that the state habeas court unreasonably applied the law of *Strickland*, applied it in a way contrary to *Strickland* precedent, or made its decision based on an unreasonable determination of the facts in light of the evidence.  *See* 28 U.S.C. § 2254(d).  The Court should deny this claim.

## 2.    Ineffective-Assistance Claims Based on Pre-Plea Representation

A voluntary guilty plea waives all non-jurisdictional defects in the proceedings other than claims of ineffective assistance of counsel relating to the voluntariness of the plea.  *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).  The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann v. Richardson*, 397 U.S. 759, 770-71, 90 S. Ct. 1441 (1970).

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602 , 1608 (1973).

Claims 3(a)-(b), 3(e), and 3(g)-(j) concern a lack of investigation, pre-trial events, and an illegal arrest and do not relate to the voluntariness of Gibson's plea. As previously discussed, *see supra* II.C.1, Gibson entered a voluntary guilty plea with a full understanding of the nature of the charge and the consequences of the plea. As a result, Gibson waived these remaining ineffective-assistance claims. *See, e.g., Smith*, 711 F.2d at 682 (holding that guilty plea waived all claims of attorney error that were unrelated to coercion of a guilty plea, including failure to review prosecutor's file, pursue witnesses, and investigate legality of petitioner's arrest).

### D.   Insufficient Evidence of Cocaine (Claim 4)

Gibson contends that he should be granted habeas relief because there was no evidence that the material he possessed was cocaine in an amount of 4-200 grams. Pet. at 8 & attached page; Pet'r's Br. at 13-14. The Director contends that Gibson also waived this claim through pleading guilty. Am. Answer at 31-32. The Director additionally argues that a separate bar to the claim exists because the state habeas court concluded that the challenge to the sufficiency of the evidence was not cognizable in a post-conviction writ of habeas corpus, *Ex parte Gibson*, Application No. WR-75,345-01, at 43 ¶ 1, and that finding of a procedural default independently bars review of the claim. Am. Answer at 31-32.

21

Because the state habeas court barred the claim on the basis of procedural default, and because Gibson has not established cause or prejudice, the state court's finding precludes this Court's review of the claim. *See supra* II.B; *see also Cone v. Bell*, 556 U.S. 449, –, 129 S. Ct. 1769, 1780 (2009) ("[F]ederal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'") (quoting *Coleman*, 501 U.S. at 729, 111 S. Ct. at 2553).

### REQUEST FOR CONTINUANCE AND EVIDENTIARY HEARING

Gibson asks the Court to grant a continuance to permit him to obtain interrogatory answers from his trial counsel about his representation and counseling during the plea process. Mot. to Amend at 13 & Ex. 1 (Pet'r's Interrogs. & Req. for Produc. of Docs.). Alternatively, he requests an evidentiary hearing. Mot. to Amend at 13. In his reply, Gibson also seeks a continuance in order to exhaust the Confrontation Clause claim for which the Director asserted a procedural bar, and would assert if presented in a subsequent application, under the Texas abuse-of-the-writ doctrine. Reply at 1-3.[7] The Director asserts that Gibson's requests should not be granted because federal habeas review is limited to the record that was before the state court that adjudicated the claim on the merits. Am. Answer at 33-36.

These requests should be denied. First, whatever the potential relevant evidence may be, a continuance is not justified because the Confrontation Clause claim, which challenges alleged

---

[7] Gibson explains that he filed a motion for new trial in the convicting trial court on January 14, 2011 based on the Confrontation Clause violation and has pursued appeals of the denial of that motion. Reply at 1-3 (reviewing Third Court's dismissal of appeal for lack of jurisdiction on August 25, 2011, and subsequent denial of petition for discretionary review by the Texas Court of Criminal Appeals).

deficiencies in the state habeas proceedings, does not state a claim for federal habeas relief.  *See supra* II.A.  Second, a continuance is not permissible in order for Gibson to conduct discovery with regard to the other claims because federal habeas review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S. Ct. at 1398.  It is clear that when a federal court evaluates a state-court decision under § 2254(d)(1), that review is limited to the record that was before the state court that adjudicated the claim on the merits.[8]  As a result, Gibson may not supplement the record with additional evidence from interrogatories, and a continuance is not justified.  For the same reasons that a continuance is not permitted in order to gather new evidence, an evidentiary hearing on the claims is likewise not an alternative possibility.

### RECOMMENDATION

It is recommended that Gibson's request for a continuance or an evidentiary hearing be denied and that his application for writ of habeas corpus be denied.

### CERTIFICATE OF APPEALABILTY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

---

[8]  The Supreme Court has instructed that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petition must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 1400.  The Court has explained:

> Section 2254(d)(1) refers, in the past tense, to a state-court decision that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at the same time[,] *i.e.*, the record before the state court.

*Id.* at 1398.

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  In cases in which a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of Gibson's petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604).  Accordingly, it is respectfully recommended that the Court not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

24

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall also bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of April, 2012.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE